UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08-CV-232-3-MU

| | |
|---|---|
| **JOSEPH MARTIN ARCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **AVERY MITCHELL CORRECTIONS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1), filed on June 3, 2008.

A cause of action pursuant to § 1983 requires a deprivation of a right secured by the Constitution or other law of the United States by a person acting under color of state law. As an initial matter, this Court notes that "Avery Mitchell Corrections" is not a proper party subject to suit, under these circumstances, under § 1983.

Next, as best as this Court can interpret Plaintiff's Complaint, it appears that Plaintiff is alleging that after a stabbing incident, Plaintiff was transferred to another facility, "Manson Correctional," and that the stabbing incident which precipitated this move has gone unpunished.[1] (Complaint at 7) In his Complaint, Plaintiff also appears to name a witness to the stabbing incident and give information regarding the knife used. Plaintiff also expresses doubt as to the

---

[1] This Court notes that the disciplinary action taken against another inmate is not properly before the Court. Therefore, this Court will only address Plaintiff's allegations concerning his transfer.

1

honesty and forthrightness of a Lieutenant Hill as well as others on duty at the time of the incident.

Plaintiff's Complaint contains only conclusory allegations. To survive a review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); accord Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (plaintiff "must present more than naked allegations" to survive dismissal.) Here, Plaintiff advances no legal theory. Moreover, a complaint may be dismissed where the plaintiff's factual allegations are "clearly baseless" or otherwise fail to state a federal claim. Neitzke v. Williams, 490 U.S. 319, 324-27 (1989) ("[T]he statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (in determining whether complaint is factually frivolous, a district court is not required to "accept without questions the truth of plaintiff's allegations," but rather is permitted to apply common sense, reject the fantastic, and take into account judicially noticeable facts); Cochran, 73 F.3d at 1315 (noting that Congress' intent under predecessor statute was to authorize dismissal of "insubstantial" claims). This Court finds that the allegations in Plaintiff's Complaint are conclusory.

Moreover, in the instant case, accepting Plaintiff's allegations as true, Plaintiff has not stated a claim for which relief can be granted under § 1983. The only possible claim that this Court can glean from Plaintiff's Complaint is that Plaintiff disagrees with being transferred to Manson Correctional following a stabbing incident. Plaintiff does not provide any details regarding his transfer or the underlying incident. With respect to prison transfers, the Court notes

that, in general, a prison transfer does not implicate a liberty interest. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 247-48 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 223-24 (1976) (prisoner has no due process right to be housed in any particular facility); see <u>O'Bar v. Pinion</u>, 953 F.2d 74, 84 (4th Cir. 1991) (no liberty interest created by North Carolina transfer regulations).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: June 10, 2008

Graham C. Mullen
United States District Judge